UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:25-cv-06685-AH-RAOx | Date   March 31, 2026 |
| Title   *Advanced Orthopedic Center Inc. et al. v. Lakeside Medical Organization* | |

Present: The Honorable   Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS) ORDER DENYING MOTION TO ALTER JUDGMENT (DKT. NO. 91) AND DENYING MOTION TO REMAND (DKT. NO. 90)

Before the Court are a Motion to Alter Judgment, Dkt. No. 91, and a Motion to Remand, Dkt. No. 90, filed by Plaintiff Jonathan Nissanoff ("Plaintiff"). Defendant Lakeside Medical Organization, a Medical Group, Inc. ("Defendant") opposed both motions.  Dkt. Nos. 93, 94.  Plaintiff replied.  Dkt. No. 95.  The Court deems this matter appropriate for resolution without a hearing and VACATES the hearing set for April 8, 2026.  *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.  For the following reasons, the Court DENIES the Motion to Alter Judgment and DENIES as moot the Motion to Remand.

## I.    BACKGROUND

Plaintiff initiated this action in the Los Angeles Superior Court, Small Claims Division on May 15, 2025.  Notice of Removal ("NOR"), Ex. A, Dkt. No. 1-2.  Defendant removed the case to federal court on July 22, 2025.  NOR, Dkt. No. 1.  The Court denied Plaintiff's Motion to Remand and granted in part Defendant's Motion to Dismiss with leave to amend on November 20, 2025.  Dkt. No. 68.  Plaintiff filed the First Amended Complaint on November 23, 2025.  Dkt.

Case 2:25-cv-06685-AH-RAO    Document 96    Filed 03/31/26    Page 2 of 3   Page ID
#:1644

No. 69.  The Court again denied Plaintiff's Motion to Remand and granted Defendant's Motion to Dismiss without prejudice and without leave to amend on February 25, 2026.  Dkt. No. 89.  Plaintiff filed the instant Motion to Alter Judgment and Motion to Remand on March 4, 2026.  Dkt. Nos. 90, 91.  Plaintiff requests that the Court alter its judgment under Federal Rule of Civil Procedure 59(e), or in the alternative grant relief from its judgement under Federal Rule of Civil Procedure 60(b), and grant Plaintiff leave to file a Second Amended Complaint.  Mot. to Alter Judgment at 6.

## II.     LEGAL STANDARD

Rule 59(e) allows parties to file a "motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  "Amending a judgment after its entry remains an extraordinary remedy which should be used sparingly."  *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citation modified).  "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law."  *Id.*

Rule 60(b) establishes grounds for relief from a final judgment, order, or proceeding, including, in relevant part: "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1), (6).  "Courts in this district have interpreted Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b)."  *See, e.g.*, *Feltzs v. Cox Commc'ns Cal., LLC*, 562 F. Supp. 3d 535, 539 (C.D. Cal. 2021).  Under Local Rule 7-18, a motion for reconsideration may be made only on the grounds of "(a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered."  C. D. Cal. R. 7-18.

Page **2** of **3**                CIVIL MINUTES – GENERAL                Initials of Deputy Clerk YS

## III.    DISCUSSION

Plaintiff seeks reconsideration or relief from judgment in order to file a Second Amended Complaint, in which he pursues only statutory interest for failure to timely pay a claim under California Health & Safety Code § 1371.35.  Mot. to Alter Judgment at 2.  Through this proposed amended complaint, Plaintiff aims to remove any dispute about Medicare benefits entitlement and "alter the jurisdictional posture" of the case.  *Id.*  However, Plaintiff may not use a Rule 59(e) motion or any other motion for reconsideration "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted).  Plaintiff could have raised solely this claim in his initial Complaint or his First Amended Complaint but did not do so.

Beyond Plaintiff's proposed amended complaint, Plaintiff does not indicate any manifest errors of law or fact, newly discovered evidence, or intervening change in controlling law that would warrant alteration of or relief from judgment. *See Allstate Ins. Co.*, 634 F.3d at 1111; C. D. Cal. R. 7-18.  Plaintiff instead appears to improperly seek a second chance to amend the complaint after it has been dismissed without leave to amend.

## IV.    CONCLUSION

For the foregoing reasons, the Court DENIES the Motion to Alter Judgment and DENIES as moot the Motion to Remand.

**IT IS SO ORDERED.**